UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LARRY PARKER,

    Petitioner,

    v.                                                                        Civil Action No. 09-432 (HHK)

B.A. BLEDSOE, Warden,

    Respondent.

**MEMORANDUM OPINION**

    Petitioner is a prisoner confined at the United States Penitentiary in Lewisburg, Pennsylvania, serving a sentence imposed by the Superior Court for the District of Columbia in 1998. Proceeding *pro se,* he filed a petition for *habeas corpus* under 28 U.S.C. §2254 in the United States District Court for the Middle District of Pennsylvania, which transferred the case to this district. Petitioner challenges his conviction and sentence on multiple grounds, including ineffective assistance of counsel, failure by the government to produce exculpatory evidence, and actual innocence. He has also filed a motion for appointed counsel. The petition will be dismissed for lack of jurisdiction and the pending motion will be denied as moot.

    Collateral challenges to sentences imposed by the District of Columbia Superior Court must be brought in that court under D.C. Code § 23-110. *See Blair-Bey v. Quick,* 151 F.3d 1036, 1042 (D.C. Cir. 1998) (§ 23-110 is exclusive remedy for such challenges). The petitioner has already made a motion under § 23-110, and it has been denied. *See* Pet. at 3. "An application for a writ of *habeas corpus* in behalf of a prisoner who is authorized to apply for relief by motion [under § 23-110] shall not be entertained by . . . any Federal . . . court if it appears . . . that the

Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g). Unlike other prisoners convicted in state courts or those convicted in a United States District Court, "District of Columbia prisoner[s] ha[ve] no recourse to a federal judicial forum [under either Section 2254 or Section 2255] unless [it is shown that] the local remedy is inadequate or ineffective to test the legality of his detention." *Garris v. Lindsay,* 794 F.2d 722, 726 (D.C. Cir. 1986) (internal footnote and quotation marks omitted); *see Byrd v. Henderson,* 119 F.3d 34, 36-37 (D.C. Cir. 1997) ("In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not.")

Generally,"[s]ection 23-110 has been found to be adequate and effective because it is coextensive with *habeas corpus.*" *Saleh v. Braxton,* 788 F. Supp. 1232 (D.D.C. 1992); *accord Blair-Bey v. Quick,* 151 F.3d at 1042 (describing § 23-110 remedy as "analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence").

> In determining whether the local remedy is 'inadequate or ineffective,' we are guided by judicial interpretations of the statutory provisions enabling federal prisoners to challenge their convictions. The federal and local statutes are nearly identical in language, and functionally they are equivalent. The remedy now available to District of Columbia prisoners was patterned after that conferred upon federal prisoners, and both remedies are commensurate with *habeas corpus.* That judges of the Superior Court do not have the tenure and salary protection afforded federal judges does not call for a different conclusion. "[T]he judges of the Superior Court of the District of Columbia must be presumed competent to decide all issues, including constitutional issues, that routinely arise in the trial of criminal cases."

*Garris v. Lindsay*, 794 F.2d at 726 (*quoting Swain v. Pressley,* 430 U.S.372, 382-83 (1977)) (footnotes omitted). The mere denial of relief by the local courts does not render the local

remedy inadequate or ineffective. *See id.* at 727; *Charles v. Chandler,* 180 F.3d 753, 756-58 (6th Cir. 1999) (citing cases); *Wilson v. Office of the Chairperson,* 892 F. Supp. 277, 280 (D.D.C. 1995). Petitioner has been denied relief under § 23-110. He has not claimed, and it does not appear, that a motion under § 23-110 is inadequate or ineffective to test the legality of his conviction and detention. Therefore, his *habeas* petition before this court must be dismissed for lack of jurisdiction and the pending motion denied as moot.

A separate order accompanies this memorandum opinion.


Dated: April 13, 2009

Henry H. Kennedy, Jr.
United States District Judge